UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJAT YACOU,

    Plaintiff,

v.                               Case No. 10-11885

OAKLAND MALL, LLC,

    Defendant/Third-Party Plaintiff,

v.

PROFESSIONAL BUILDING MAINTENANCE,
L.L.C.,

    Third-Party Defendant.
                                      /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND TERMINATING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Before the court are Plaintiff's motion for default judgment and Defendant's motion to set aside the default. After a careful review of Defendant's motion, the court has determined a hearing on the matter is not necessary. E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will set aside the default.

**I. BACKGROUND**

Plaintiff filed the complaint in this matter on May 10, 2010. After Defendant failed to respond, the Clerk of the Court entered default against it on September 29, 2010. Plaintiff moved for a default judgment on November 19, 2010, and the court set the matter for hearing. On January 5, 2011, Defendant's attorney filed a notice of appearance, and a day later, filed an answer to the complaint. A day after that, on January 7, 2011, Defendant responded to the motion for default judgment and moved to

set aside the default. On January 13, 2011, Defendant impleaded Third-Party Defendant Professional Building Maintenance, L.L.C, by filing a third-party complaint. Plaintiff responded to Defendant's motion on January 28, 2011.[1]

## II. STANDARD

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

> [T]he district court enjoys considerable latitude under the "good cause shown" standard of Rule 55(c) to grant a defendant relief from a default entry. The criteria used to determine whether "good cause" has been shown for purposes of granting a motion under Rule 55(c) are whether (1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious. It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward.

*O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (alteration in original) (internal quotation marks, citations, and footnote omitted.). A court reviewing a Rule 55(c) motion should be "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010).

## III. DISCUSSION

With regard to the first criterion, Defendant argues that the default did not result from its willful conduct, but rather from an "oversight" by its insurer. (Mot. 13.) Although the court does not take the view that a defendant may always absolve itself of responsibility for ongoing litigation by passing on a claim to its insurance carrier, in

---

[1] Plaintiff's response was therefore untimely. *See* E.D. Mich. LR 7.1(e). Had it been timely, it would not have affected the outcome.

2

some instances such an excuse may be sufficient to contribute to "good cause." "[F]or the defendant to be deemed culpable for the default, he 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings.'" *$22,050.00 U.S. Currency*, 595 F.3d at 327 (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996)).  Defendant has not displayed such a *mens rea*.  In any case, because the second and third factors favor setting aside the default, and because those are "the two most important considerations," *id.* at 324-25, the court need not delve further into the factual record of whether Defendant's "culpable conduct" led to the default.

Next, Defendant asserts Plaintiff will not be prejudiced if the default is set aside. Defendant cites *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987): "[D]elay alone is not a sufficient basis for establishing prejudice.  Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  (Mot. 12 (internal quotation marks omitted).)  Defendant points to Plaintiff's own dawdling pace in filing and prosecuting this action, and contends that Plaintiff may not now argue a delay would prejudice her.  (*Id.*)

The court agrees.  The court is unaware of any source of prejudice to Plaintiff that would result from setting aside the default.  Plaintiff, in her late-filed response, presents none.  As Defendant observes, Plaintiff was ordered to show cause for lack of prosecution, and requested to delay the default judgment hearing.  Plaintiff will not be prejudiced by the incremental delay thus occasioned.

3

The final criterion is the existence of meritorious defenses.  Defendant need not show that its defenses are likely to succeed, but only that the defenses are legally tenable.  *$22,050.00 U.S. Currency*, 595 F.3d at 326.  Defendant here asserts that it may defend on the basis of lack of subject matter jurisdiction, absence of notice of the alleged defect in its premises, and the open and obvious doctrine.  (Mot. 6-11.)  Again, the actual likelihood of success of any of these defenses is not at issue, only their abstract legitimacy.  In that light, Defendant possesses "meritorious" defenses.

As Defendant has shown an absence of prejudice and the existence of meritorious defenses, it would be an abuse of discretion to not set aside the default.  Therefore, the court will grant the motion.

### IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's "Motion to Set Aside Default" [Dkt. # 23] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Default Judgment" [Dkt. # 17] is TERMINATED AS MOOT.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  February 1, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 1, 2011, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522